Filed 7/16/13  In re S.H. CA5

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re S.H., a Person Coming Under the Juvenile Court Law. | |
| FRESNO COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>J.H.,<br><br>Defendant and Appellant. | F066845<br>(Super. Ct. No. 12CEJ300087-1)<br><br>**O P I N I O N** |

### THE COURT\*

APPEAL from orders of the Superior Court of Fresno County.  Mary Dolas, Judge.

Roland Simoncini, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Levy, Acting P.J., Gomes, J., and Kane, J.

J.H. (mother) appealed from a February 2013 juvenile court order terminating parental rights (Welf. & Inst. Code, § 366.26) to her 16-month-old daughter, S.[1] This court previously upheld the juvenile court's decision to remove S. from parental custody, deny mother reunification services, and set the termination hearing. (*J.H. v. Superior Court* (Jan. 15, 2013, F065695 [nonpub. opn.].).)

After reviewing the entire record, mother's court-appointed appellate counsel informed this court he could find no arguable issues to raise on mother's behalf. Counsel requested and this court granted leave for mother to personally file a letter setting forth a good cause showing that an arguable issue of reversible error did exist. (*In re Phoenix H.* (2009) 47 Cal.4th 835, 844.)

Mother has now submitted a letter asking that S. either be placed with her or with mother's family. Mother's letter neither addresses the termination proceedings nor sets forth a good cause showing that any arguable issue of reversible error at the termination hearing does exist. (*In re Phoenix H., supra,* 47 Cal.4th at p. 844.)

An appealed-from judgment or order is presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It is up to an appellant to raise claims of reversible error or other defect and present argument and authority on each point made. If an appellant does not do so, the appeal should be dismissed. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.) Here, mother does not raise any claim of error or other defect against the termination order from which she appealed.

At the termination hearing, the juvenile court's proper focus was on S. and her need for permanency and stability. (*In re Marilyn H.* (1993) 5 Cal.4th 295, 309.) The law required the court to determine whether it was likely she would be adopted and if so, order termination of parental rights. (§ 366.26; *In re Celine R.* (2003) 31 Cal.4th 45, 53.)

---

**1** All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

Returning S. to mother's custody or placing her for the first time with mother's family was not an option at the termination hearing.

## DISPOSITION

This appeal is dismissed.